ARDEN CHEMICAL Co., Plaintiff and Appellee, *v.* PORTO RICO DRUG Co., INC., Defendant; and NATIONAL SURETY Co., Intervener and Appellant.

No. 6014. Argued January 10, 1933.—Decided May 31, 1933.

*Besosa & Besosa* for appellant. *E. B. Wilcox* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Arden Chemical Company brought suit against the Porto Rico Drug Company for something over one thousand dollars and attached a certain lot of perfumery and patent medicines valued at $2,100. Upon the execution of a bond for $2,500 by the Drug Company and the National Surety Company, the attached property was left in the possession of the Drug Company. All of this occurred in the latter part of May, 1926. On October 16 of that year the Porto Rico Drug Company was adjudged a bankrupt in a voluntary pro-

ceeding instituted by the said company in the United States District Court for the District of Puerto Rico. On September 17, 1927, the trustee in bankruptcy moved for a suspension of proceedings in the instant case in accordance with the provisions of section 11 of the Bankruptcy Act. On April 30th, 1928, the trustee, in another motion, stated that the purpose of the previous motion was to suspend the present action for the period of one year from the date of the adjudication in bankruptcy, that this period had elapsed, and that there was no obstacle to a continuation of the present action to which the trustee would make no defense. On April 28th, counsel for the trustee had already consented to an order striking from the record the motion of September 17, 1927.

On April 28th, 1928, the district court overruled a demurrer, and on May 7, the National Surety Company applied for leave to intervene and to be made a party defendant. At the same time it filed a demurrer which was overruled November 12. The insurance company answered November 28th. Defendant defaulted and the clerk entered judgment against it January 18th, 1929. Plaintiff and intervener then proceeded to trial on the issues raised by the complaint and intervener's answer. Intervener now appeals from an adverse judgment and says that the district court erred in its failure to distinguish between a bond to dissolve an attachment and the forthcoming or delivery bond, and in treating the bond in question as if it had been executed for the purpose of dissolving the attachment.

Appellant in its statement of facts says that the Porto Rico Drug Co. delivered to the receiver appointed by the Federal Court all of its assets including the attached property left in its possession upon execution of the delivery bond. The brief makes no reference to any page of the record in support of this statement. Later, in the course of argument, appellant says that "in accordance with the evidence" the District Court of San Juan had named a receiver and had taken possession of all the property of the Porto Rico Drug

Company. In this connection, reference is made to an order said to have been entered in "Civil case number 2548, Antonio Canals et al., *vs.* P. R. Drug Company, District Court of San Juan", whereby (as transcribed in the brief) the receiver of the Insular District Court was directed to deliver to the receiver named by the Federal District Court the property of the Porto Rico Drug Company. No reference is made to any page or portion of the record in the instant case. Beyond this there is nothing, even in the brief for appellant, to show that the perfumes and patent medicines attached by plaintiff herein and left in the possession of the Porto Rico Drug Company were ever delivered to either of the two receivers.

Appellant quotes from Collier on Bankruptcy the following extracts:

"Where an officer of the State Court voluntarily surrenders to a Receiver in Bankruptcy property in his possession, the State Court is divested of jurisdiction." Page 760.

"The power of a District Court to proceed summarily will depend largely upon whether the subject matter is in its possession, either actually or constructively; where such possession is shown the court may proceed summarily to determine controversies in respect to the property and the extent and character of liens thereon or rights therein." Page 771.

"If property in the hands of a Bankrupt is impressed with a trust, it passes to the Trustee subject to the same trust." Page 1680.

"Once the court acquires possession, the jurisdiction to determine by plenary suit or summary proceedings, all conflicting claims will remain, and there can be no interference with such possession upon the part of any other court except by way of review or appeal." Page 775.

"The rule which gives the Bankruptcy Court exclusive jurisdiction to determine claims to property in its custody is not limited to actual possession but extends to constructive possession as well, including property held not only by, but for, the bankrupt." Page 779.

"Where the claim of possession as against the Trustee's right of possession, is based solely on an attachment lien which is annulled by the adjudication in Bankruptcy, the person or officer in possession

holds as bailee for the Trustees; he is not an adverse claimant and his mere refusal to surrender the property, does not make him such.'' Page 757.

''The claimant must assume the burden of ascertaining and tracing the trust funds, showing that the assets which have come into the hands of the Trustee have been directly added to, or benefited by, an amount of money realized from the specific property held in trust.'' Page 1684.

''Where a State law provides for the deposit of bonds with a State officer for the protection of creditors, from whom moneys are received by the depositor of such bonds, they may be held by the Trustee of the Bankrupt for the benefit of those creditors who live within the State.'' Page 1688.

''Reclamation proceedings may be in or out of the Bankruptcy proceedings.'' Page 1763.

''The modern rule sustained by the overwhelming weight of authority is that to sustain a claim to trust funds in the hands of a Trustee in Bankruptcy, the claimant must depend upon his ability to identify the property in its original or substituted form in the hands of the Trustee.'' Page 1683.

''A lienholder may establish his lien in any Court having jurisdiction although if the property is in possession of the Court, the bankruptcy may proceed summarily as to such property.'' Page 1535.

''After property of a bankrupt which is in his possession at the time of his bankruptcy, has come into the jurisdiction and custody of the bankruptcy Court by virtue of the filing of the petition in Bankruptcy and his subsequent adjudication, a creditor holding a lien or security deed cannot thereafter acquire title to the property or the possession thereof so as thereby to become an adverse claimant so that his rights, if any, so acquired, may not be inquired into and determined by a summary proceeding.'' Page 774.

Appellant also quotes from 6 C. J. 321, section 636, as follows:

''Where an attachment has been dissolved by the insolvency or bankruptcy of the debtor, a receiptor for the attached property is discharged from liability upon his undertaking, if the property has gone back into the hands of the debtor, or if he delivers it to the assignee, unless there is an order of court continuing the assignment for the benefit of the latter.''

168

It may be true that plaintiff might have sought to enforce its lien in the Federal Court, if we assume for the sake of argument, that the attached property in fact passed into the hands of the Trustee in Bankruptcy. It does not follow, as appellant assumes, that through failure to pursue this remedy plaintiff forfeited its right to prosecute to judgment its action in the Insular Court for the purpose of satisfying that judgment out of the attached property, or by recovery on the bond. If there was anything to prevent the Porto Rico Drug Company or the insurance company from claiming the attached property in the Federal Court, this does not appear from the brief for appellant. There is nothing in the brief for appellant to show that the attachment in the instant case, levied more than four months before the adjudication in bankruptcy, was dissolved by the bankruptcy proceeding. There is nothing in the brief for appellant to show why plaintiff should not have been permitted to pursue its remedy in the insular court with a view to the enforcement of its claim against the insurance company on the delivery bond. There is nothing to show that appellant was prejudiced in any way by failure of the district judge to distinguish between the bond contemplated by section 15 of the Act to Secure the Effectiveness of Judgments, (Comp. Stat. 1911, sec. 5233) and the bond contemplated by section 10 of that act.

The judgment appealed from will be affirmed.